Bernstein-Burkley, P.C.
Keri P. Ebeck, Esquire
Bar No. 262092017
707 Grant Street, Suite 2200, Gulf Tower
Pittsburgh, PA 15219
(412) 456-8112

Order Filed on February 7, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ATTORNEY FOR CREDITOR: CONSUMER PORTFOLIO SERVICES, INC.**

**IN THE BANKRUPTCY COURT FOR THE
DISTRICT OF NEW JERSEY (NEWARK)
HONORABLE CHRISTINE M. GRAVELLE**

| | | |
|---|---|---|
| In re: | : | Case No. 18-14607 |
| | : | |
| YVETTE M. MOONEY, | : | |
| Debtor, | : | |
| | : | Chapter 13 |
| | : | |
| | : | Hearing Date: September 13th, 2018 |
| | : | |

**CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE
2014 NISSAN SENTRA SEDAN 4D S 1.8L I4**

The relief set forth on the following pages, number (2) through (3) is hereby

ORDERED.

**DATED: February 7, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

| | |
|---|---|
| Debtors: | Yvette M. Mooney |
| Case No.: | 18-14607-CGM |
| Caption of Order: | Consent Order Modifying Stay as to Personal Property |

1. The 11 U.S.C. §362(a) Stay as to Consumer Portfolio Services, Inc., ("Movant"), with respect to the personal property of Debtor described as a 2014 Nissan Sentra Sedan 4D S 1.8L I4, VIN# 3N1AB7AP4EL640955, in accordance with the agreement of the Debtor and Movant is hereby modified and shall remain in effect PROVIDED THAT Debtors comply with the following terms and conditions:

   The post-petition arrears are $2,061.70 as of the date of this Consent Order. Debtor shall cure the arrears and fees and costs in the amount of $2,061.70 by making the following payments on the following dates:

   February 26, 2019 - $700.79

   March 26, 2019 - $700.79

   April 26, 2019 - $700.79

   May 26, 2019 - $700.79

   June 26, 2019 - $700.79

   July 26, 2019 - $700.79

   Debtor shall then be responsible for timely making all future regular monthly payments to Movant starting with the payment of $357.17 due on August 26, 2019. Failure to make future monthly payments shall also be cause for default under this Consent Order.

2. The term "payment" as set forth in Paragraph 1, *supra*, does not include a check that is returned due to insufficient funds, account closed or is otherwise not capable of negotiation for any other reason.

| | |
|---|---|
| Debtors: | Yvette M. Mooney |
| Case No.: | 18-14607-CGM |
| Caption of Order: | Consent Order Modifying Stay as to Personal Property |

3. Debtor will be in default under the Consent Order in the event that Debtor fails to comply with the payment terms and conditions in Paragraph 1, *supra*. If Debtor fails to cure the default within ten (10) days from the date of default, Movant may file a Certification of Default on five (5) days' notice to Debtor, counsel for Debtor and the Chapter 13 Trustee for an Order lifting the automatic Stay imposed under 11 U.S.C. §362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

4. The failure of Movant to file a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

5. In the event the Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter.

6. Movant's fees and costs of $531 are to be paid through the Chapter 13 Plan.

We hereby Consent to the form and entry of the foregoing Order.